489 P.2d 860

**ARIZONA STATE TAX COMMISSION, an agency of the State of Arizona, Appellant,**

v.

**LAWRENCE MANUFACTURING COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 986.**

Court of Appeals of Arizona, Division 2.

Oct. 21, 1971.

Rehearing Denied Nov. 17, 1971.

Review Denied Dec. 14, 1971.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellant.

Twitty, Sievwright & Mills by Howard A. Twitty, Phoenix, for appellee.

KRUCKER, Chief Judge.

This appeal involves the applicability of certain taxes to the proceeds of a lease of mining equipment. The appellee, plaintiff below, filed a complaint for refund of taxes it paid and for penalties and interest incidental thereto. The trial court granted summary judgment in favor of the plaintiff for the amounts of the taxes and penalties, with interest from the dates paid. The parties will be referred to as they appeared below.

The statutory framework should be set out for a full understanding of the question here. A.R.S. § 42–1309, as amended, reads as follows:

"A. There is levied and there shall be collected by the commission for the purpose of raising public money to be used in liquidating the outstanding obligations of the state and county governments, to aid in defraying the necessary and ordinary expenses of the state and the counties, to reduce or eliminate the annual tax levy on property for state and county purposes, and to reduce the levy on property for public school education, privilege taxes measured by the amount or volume of business transacted by persons on account of their business activities, and in the amounts to be determined by the application of rates against values, gross proceeds of sales, or gross income, as the case may be, in accordance with the schedule as set forth in §§ 42–1310 through 42–1315.

B. If any funds remain after the payments are made for state purposes, as provided for by subsection A of this sec-

tion, the remainder of the funds, to the extent to which they will apply, shall be in lieu of county or ad valorem taxes for educational purposes on a per capita basis as provided by §§ 15–1233, 15–1235 and 15–1236. As amended Laws 1970, Ch. 34, § 2."

In addition to this tax, plaintiff paid an education excise tax imposed by A.R.S. § 42–1361, as amended, in the amount of one-half the transaction privilege tax, with the result that the tax rate in the case before us was three percent, applied to the gross proceeds of sales or gross income from the business of leasing the equipment here. Arizona's legislature, in 1967, extended the transaction privilege tax, A.R.S. § 42–1309, to the business of "leasing or renting tangible personal property for a consideration" by the Laws of 1967, Third Special Session, Ch. 3 § 1(A) (2). This Act, in its pertinent part, reads as follows:

"Section 1. Sec. 42–1314, Arizona Revised Statutes, is amended to read:

42–1314. *Operating amusement places; exception; leasing or renting of property; exemption*

A. The tax imposed by subsection A of § 42–1309 shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

\* \* \* \* \* \*

2. Leasing or renting tangible personal property for a consideration. Sales of tangible personal property to be leased or rented to a person engaged in the business of leasing or renting such tangible personal property for a consideration shall be deemed to be resale sales."

At approximately the same time, mining "machinery or equipment used directly in the process of extracting ores or minerals from the earth for commercial purposes \* \* \*" was exempted from the privilege tax on the proceeds from sales or gross income of businesses selling tangible personal property, A.R.S. § 42–1309, as

amended, by adding such items (mining machinery or equipment) to the list of exemptions contained in A.R.S. § 42–1312,[1] effective July 1, 1968, Laws of 1967, Third Special Session, Ch. 2, § 1(A) (2).[2] In 1970, the legislature enacted legislation to the effect that the tax on leasing and renting tangible personal property would not apply to leasing or renting property, which, if it had been purchased, would have been exempt under A.R.S. § 42–1312.01. Laws of 1970, Ch. 50, § 1(A) (2).[3]

The amended complaint here alleged payment of taxes, interest and penalties, for the period October 1, 1969 to August 11, 1970 (the effective date of Laws of 1970, Ch. 50), pursuant to the statutes involved. All these amounts were alleged to have been paid under protest, except taxes for October and November, 1969, $128.40 and $244.86, respectively. The plaintiff's action attacked the application of the taxes

here to the rentals of mining equipment on three grounds: (1) rental of mining equipment was an exempt business pursuant to A.R.S. § 42–1312.01, subsec. A, par. 2 during the time period in question; (2) if the business of rental mining equipment was not exempt as urged in No. 1, supra, then A.R.S. § 42–1312.01, subsec. A, par. 2 was unconstitutional as a violation of the privileges and immunities, equal protection, and due process clauses of the State and Federal Constitutions; and (3) Laws of 1970, Ch. 50, § 1(A) (2) was a legislative declaration that the law previously enacted was intended to exempt rental of mining equipment from taxes.

The trial court denied defendant's motion for judgment on the pleadings, treated the plaintiff's motion for judgment on the pleadings as a motion for summary judgment, found the existence of no genuine issue of fact, and on December 28, 1970,

1. A.R.S. § 42–1312, as amended, in its pertinent part, reads as follows:
"A. The tax imposed by subsection A of § 42–1309 shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the business of selling any tangible personal property whatever at retail, but the tax shall not apply to the gross proceeds of sales or gross income from: [certain enumerated activities omitted]."

2. Laws of 1967, Chapter 2, in its pertinent part, reads as follows:
"Section 1. Title 42, chapter 8, article 1, Arizona Revised Statutes, is amended by adding section 42–1312.01, to read:
42–1312.01. *Exemptions*
A. In addition to the exemptions prescribed by the terms of section 42–1312, the following categories shall also be exempt:
\* \* \* \* \*
"2. Mining. Machinery or equipment used directly in the process of extracting ores or minerals from the earth for commercial purposes, including equipment required to prepare the materials for extraction and the handling, loading or transportation of such extracted material to the surface. 'Mining' includes underground, surface and

open-pit operations for the extraction of ores and minerals."

3. Laws of 1970, Ch. 50, § 1(A) (2), in its pertinent parts, reads as follows:
"Section 1. Sec. 42–1314, Arizona Revised Statutes, is amended to read:
42–1314. *Operating amusement places; exception; leasing or renting of property; exemption*
A. The tax imposed by subsection A of Section 42–1309 shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:
\* \* \* \* \*
2. Leasing or renting tangible personal property for a consideration. Sales of tangible personal property to be leased or rented to a person engaged in the business of leasing or renting such tangible personal property for a consideration shall be deemed to be resale sales. The tax prescribed under the terms of this paragraph shall not apply to the leasing or renting of that property which if it had been purchased instead of leased or rented by the lessee would have been exempt pursuant to the provisions of section 42–1312.01, section 42–1321, subsection A, paragraph 5, section 42–1409, subsection A, paragraph 10 or section 42–1409, subsection B."

granted judgment for plaintiff for all taxes ($8,630.20) and penalties ($628.86) paid by plaintiff with six percent interest from date of payment. The minute entry shows the reason for the trial court's action to be that:

"[T]he issue involved the interpretation of certain acts of the legislature which are ambiguous and therefore should be construed against the taxing authority. The two acts passed by the 3rd Special Session of the 28th Legislature should be construed as one act; that when section 42–1312.01 was added, it included certain exemptions on machinery and equipment used directly in mining operations and that the legislature intended these exemptions to apply to both sales and rental arrangements which is indicated by the word [sic] gross income. * * *"

It is our view that defendant's motion for judgment on the pleadings should have been granted. A motion for judgment on the pleadings tests the sufficiency of a complaint. Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990 (1967); Annot., 26 A.L.R.3d 309. A Rule 12(c), 16 A.R.S. motion requires the trial court to consider the well-pleaded allegations of the pleading of the movant's opponent as true for the purpose of the motion, and, if the complaint fails to state a claim for relief, judgment should be entered for the movant. Shannon v. Butler Homes, Inc., supra. On this basis the defendant was entitled to have his motion for judgment on the pleadings sustained and judgment entered in its favor by the trial court. The reasons that the complaint was insufficient are discussed below.

■ The first attack on the tax here was that the plaintiff's activity was expressly exempt from its application. We do not so read the statutes involved. The plaintiff contends that rental income from mining equipment was exempted by A.R.S. § 42–1312.01, subsec. A, par. 2 during the period in question. Section 42–1312.01 simply adds certain "categories" to the exemptions provided under A.R.S. § 42–1312,

as amended. The gist of § 42–1312 is that the tax levied by A.R.S. § 42–1309, as amended, was imposed on "every person engaging or continuing within this state in the *business of selling* any tangible personal property whatever *at retail* * * *." (Emphasis added.) There are enumerated exceptions in § 42–1312 to which § 42–1312.01 added other exceptions. The exempting language of A.R.S. § 42–1312 exempts "the gross proceeds of sales or gross income from [certain activities] * * *." This language leads us to the conclusion that the tax and the exemption plaintiff seeks to apply to itself is a tax on, and an exemption of, *businesses selling* tangible personal property, not an exemption of businesses leasing or renting such property. The tax on plaintiff's business activity, that of leasing the equipment involved, as is alleged in this case, is imposed by A.R.S. § 42–1314, as amended, supra. On the logic that an exception can be no broader than the general, plaintiff's argument here fails. An exemption of the business of selling mining paraphernalia at retail cannot exempt rental income, where it is not shown in the record that plaintiff was in the *business of selling* mining equipment (it was not so alleged in either complaint and there was no proof below). On the contrary, it must be presumed that plaintiff is in the *business of renting* from the fact of the single rental transaction alleged and admitted below.

Two of the rules of statutory construction of revenue statutes are that: (1) in the event of an ambiguity, the statute should be construed liberally in favor of the taxpayer and strictly against the taxing authority, and (2) every statutory interpretation shall be against exemption. Ebasco Services, Inc. v. Arizona State Tax Com'n, 105 Ariz. 94, 459 P.2d 719 (1969); State Tax Commission v. Graybar Electric Company, 86 Ariz. 253, 344 P.2d 1008 (1959). In our view, both rules are inapplicable because the statutory scheme is clear and no interpretation is necessary.

■ The plaintiff's second attack on the application of the tax in question to it is in

**490**

terms of the equal protection clause.[4] Division One of this court has recently applied the well-established rule in equal protection cases that classification can be made as long as the classification is reasonable and not arbitrary. Shaw v. State, 8 Ariz.App. 447, 447 P.2d 262 (1968), citing White v. Moore, 46 Ariz. 48, 46 P.2d 1077 (1935). In *Moore,* the court found a classification of rental of space to tourists and transients to be reasonable as based on a distinction between rentals of that sort and rentals of offices and storerooms. The plaintiff admits in his brief that "the legislature may classify [reasonably] sales and rental of personal property taxing the former and not the latter." But plaintiff insists that if the legislature taxes both sales and rentals, it may not constitutionally exempt sales of mining equipment without exempting rentals of same. Such an assertion is completely without merit for the difference in treatment between sales and rentals here is based on a reasonable classification and not constitutionally infirm. The reasonableness of the classification here may be found in the differences between the businesses of retail selling and renting or leasing property. As pointed out by defendant, the two categories of business differ in regard to financing, customer and supplier relationships, and income.

Plaintiff also asserts that the construction urged by defendant[5] is unconstitutional, as a violation of the equal protection clause, and that as between a constitutional and unconstitutional construction of an ambiguous statute, the constitutional construction should be adopted, citing Greyhound Parks of America, Inc. v. Waitman, 105 Ariz. 374, 464 P.2d 966 (1970). There is no need to apply this rule here in that, as stated supra, the statutes are not ambiguous.

The plaintiff's final contention is that the 1970 amendment of A.R.S. § 42–1314[6] was an interpretation by the legislature of "ambiguous statutes" and "a legislative declaration of the law previously enacted exempting gross income from rental of mining equipment from these taxes." This proposition has authoritative basis. Ebasco Services, Inc. v. Arizona State Tax Commission, supra; Police Pension Board of City of Phoenix v. Warren, 97 Ariz. 180, 398 P.2d 892 (1965), rehearing denied, 97 Ariz. 301, 400 P.2d 105 (1965); Moore v. Pleasant Hasler Construction Co., 51 Ariz. 40, 76 P.2d 225 (1937). The defect in this argument is that, as pointed out above, the statutory scheme constituting the tax in question here is not ambiguous or unclear. It is therefore without merit.

Reversed and remanded for proceedings not inconsistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.

---

4.  Plaintiff has not briefed the questions of privileges and immunities and due process clauses raised in its complaint, so these questions are considered abandoned. State v. Scofield, 7 Ariz.App. 307, 438 P. 2d 776 (1968).

5.  Defendant, of course, urges that the tax applies to the activity here.

6.  Laws of 1970, Ch. 50, § 1(A) (2). See footnote 3, supra.