590 P.2d 941

**Carol Ann McCLOE and Mary Louise Gingg, Appellants,**

v.

**UTAH HOME FIRE INSURANCE COMPANY, a foreign corporation, Leonard H. Trookman and Interstate Insurance Agency, Appellees.**

**No. 1 CA–CIV 3911.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 18, 1978.

Rehearing Denied Jan. 26, 1979.

Review Denied Feb. 14, 1979.

Charles D. Newton, Scottsdale, for appellant Carol Ann McCloe.

Treon, Warnicke, Dann & Roush, P. A. by B. Michael Dann, Phoenix, for appellant Mary Louise Gingg.

Tupper, Schlosser & Schulz, P. A. by Ronald A. Schlosser, Phoenix, for appellee Utah Home.

Renaud, Cook & Videan, P. A. by James M. Videan, Phoenix, for appellees Trookman and Interstate Ins.

## OPINION

WREN, Presiding Judge.

Appellants seek relief from the summary judgment motions granted below in favor of appellees. Appellants were involved in an automobile accident with an uninsured motorist on May 11, 1975. Appellee insurer paid appellants the full limits of their uninsured motorist coverage, $30,000, and received endorsed "Release and Trust Agreements." Appellants later filed this action against the insurer and the independent agent who sold the insurance policy alleging, respectively, breach of statutory duties and negligence through failure to personally advise the named insureds of their statutory right of option to purchase additional uninsured motorist coverage up to three times the statutory minimum. We agree with the trial court that summary judgment was appropriate inasmuch as there was no genuine issue as to any material fact and, therefore, affirm the judgment.

Appellants argue that the release which they signed only barred actions "under the policy" and that the present action was, instead, for tortious violation of a specific statutory duty by the carrier. We need not reach the question of interpretation of the breadth of the release agreements since we hold that there was no breach of statutory duty by the carrier.

The 1972 amendments, among other changes, added paragraph B, expanding the uninsured motorist coverage:

"B.    Every insurer writing automobile liability or motor vehicle liability policies, as provided in subsection A of this section, shall also make available to the named insured thereunder, at his option, additional uninsured motorist coverage in order to provide limits of coverage of at least three times the amounts set forth in § 28–1142."

Prior to the 1972 amendments, A.R.S. § 20–259.01 contained the following language which was deleted when the amendments became effective:

"This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage  .  .  .."

1972 Ariz.Sess.Laws, Chp. 157, § 1.

When the legislature changes the language and substance of a statute it is presumed that they intended to make a change in existing law. *Pace v. Hanson*, 6 Ariz.App. 88, 430 P.2d 434 (1967); *Brown v. White*, 2 Ariz.App. 295, 408 P.2d 228 (1965).

While we do believe that the present statute imposes an affirmative duty upon the carrier to make additional uninsured motorist coverage available, we do not believe that the statute imposes an affirmative obligation upon insurers to give their insureds actual personal knowledge of such an option. We hold, therefore, that the carrier breached no statutory duty and, under the same reasoning, find the agent not guilty of common law negligence in the procurement and issuance of appellant's insurance policy.

Judgment affirmed.

NELSON and EUBANK, JJ., concur.