693 P.2d 921

**STATE of Arizona, Appellee,**

v.

**Donald Michael SWEET, Appellant.**

**No. 6334–PR.**

Supreme Court of Arizona, En Banc.

Jan. 16, 1985.

**268**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Clinton L. Liechty, Tucson, for appellant.

HOLOHAN, Chief Justice.

The defendant Donald Michael Sweet was tried and convicted of unlawful possession of marijuana for sale (a class 4 felony) and of unlawful possession of a narcotic drug (cocaine) valued at more than $250 for sale (a class 2 felony). The trial court found that the allegation of a prior conviction was true and that the defendant was on probation at the time of commission of the instant felonies. The defendant was sentenced pursuant to the mandate of A.R.S. § 13-604.01 to the presumptive term authorized for the offenses: 2.25 years for the marijuana charge and 10.5 years for the cocaine charge. The sentences were to run concurrent to each other and consecutively with a 1.5 year sentence which had been imposed after revocation of probation for the prior offense. On appeal, the defendant's conviction and sentence were affirmed by the Court of Appeals. *State v. Sweet,* 143 Ariz. 289, 693 P.2d 944 (App. 1984). Defendant sought review by this court. We accepted review to consider the single issue whether the trial court erred in applying the provisions of A.R.S. § 13-604.-01 in this case. Only that portion of the Court of Appeals' opinion which deals with that issue is vacated.

The original version of A.R.S. § 13-604.-01, enacted in 1982, provided for a mandatory sentence when a felony was committed "while the person is on probation ...." The statute did not specify whether it applied to felony probation, misdemeanor probation, or both. The statute was amended in 1983 to apply only to probation from a felony conviction.[1] The defendant's current offenses were committed on January

---

1. **§ 13–604.01. Offenses committed while released from confinement .**

 **A.** Notwithstanding any provision of law to the contrary, a person convicted of any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument or involving the intentional or knowing infliction of serious physical injury upon another if committed while the person is on probation *for a conviction of a felony offense,* or parole, work furlough or any other release from confinement *for conviction of a felony offense* shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the person has served not less than twenty-five years. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.

 **B.** Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A or this section if committed while the person is on probation *for a conviction of a felony offense,* or parole, work furlough or any other release from confinement *for conviction of a felony offense* shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.
 (Emphasized language is that added by the 1983 amendment. The statute was subsequently amended in 1984 in ways not relevant to this decision).

18, 1983. The amendment to A.R.S. § 13–604.01 became effective July 27, 1983. The question is whether the amendment merely clarified the legislative intent that the statute only apply to felony probation or whether the original version also applied to misdemeanor probation.

The original version of A.R.S. § 13–604.01, enacted in 1982, provided for mandatory sentences and severely restricted eligibility for suspension or commutation of sentence, probation, pardon, parole, work furlough, or release from confinement for anyone who committed a felony while on probation, parole, work furlough, or any other release. The original version did not specify whether the prior offense resulting in the probation, parole, work furlough, or other release had to be a felony, or whether it could also apply to misdemeanors and petty offenses. In 1983, the legislature amended the statute to specify that only probation for conviction of a felony offense and only parole, work furlough, or any other release from confinement for conviction of a felony offense would require application of the statute. Sweet's current offenses, possession of marijuana and cocaine for sale, occurred after the enactment of the original version of the statute but before the amendment. In order to determine whether the original version applied only to prior felony convictions or to all convictions we must look to the principles of statutory construction.

█ It is clear that a statute will not be applied retroactively unless expressly specified by the legislature. A.R.S. § 1–244. Likewise, A.R.S. § 1–246 provides:

> "When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed."

*See also State v. Coconino County Superior Court,* 139 Ariz. 422, 678 P.2d 1386 (1984); *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 667 P.2d 1304 (1983); *State*

*v. Vineyard,* 96 Ariz. 76, 392 P.2d 30 (1964). It is equally clear, however, that "[a]n amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." *City of Mesa v. Killingsworth,* 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964). *See also B & P Concrete, Inc. v. Turnbow,* 114 Ariz. 408, 561 P.2d 329 (App. 1977); *Sierra Madre Dev., Inc. v. Via Entrada Townhouses Ass'n,* 20 Ariz.App. 550, 514 P.2d 503 (1973); *State v. Vondohlen,* 24 Ariz.App. 362, 538 P.2d 1163 (1975).

█ There is a basic and fundamental rule of statutory construction that only where a statute is ambiguous or unclear is a court at liberty to resort to the rules of statutory interpretation, *City of Mesa, supra; Sterman v. Transamerica Title Ins. Co.,* 119 Ariz. 268, 580 P.2d 729 (App.1978); *Arizona State Tax Commission v. Lawrence Mfg. Co.,* 15 Ariz.App. 486, 489 P.2d 860 (1971). The ambiguity question is especially pertinent here in that the usual presumption that an amendment changes rather than clarifies a statute, *McCloe v. Utah Home Fire Ins. Co.,* 121 Ariz. 402, 590 P.2d 941 (App.1978), is only applicable when "the statute amended admitted of no ambiguity prior to amendment." *Arizona Foundation for Neurology and Psychiatry v. Sienerth,* 13 Ariz.App. 472, 476, 477 P.2d 758, 762 (1970). Thus, before we can reach the question whether the amendment was merely a clarification of the existing statute or a change in the existing statute, we must ascertain whether the original statute was clear and unambiguous on its face.

█ An ambiguity in a statute is "not simply that arising from the meaning of particular words, but includes such as may arise in respect to the general scope and meaning of a statute when all its provisions are examined." 73 Am.Jur.2d, *Statutes* § 195. An ambiguity may also be found to exist where there is uncertainty as to the meaning of the terms of a statute. *State v. Sylva,* 61 Hawaii 385, 605 P.2d 496 (1980). The problem in interpreting the statute at issue is not that certain words or

270

groups of words have more than one meaning, but it is the failure to include necessary words which causes confusion as to the scope of the statute. Due to the omission the statute can reasonably be construed in more than one way. When there is confusion in statutory interpretation it is necessary for us to determine the legislative intent for the statute.

■ It is an accepted rule of statutory construction that when "determining the intent of the legislature, the court may consider both prior and subsequent statutes *in pari materia." Automatic Registering Machine Co. v. Pima County,* 36 Ariz. 367, 373–74, 285 P. 1034, 1036 (1930). *See also State ex rel. Larson v. Farley,* 106 Ariz. 119, 471 P.2d 731 (1970). A review of the repeat offender sentencing provisions of A.R.S. § 13–604 discloses that the legislature specified how the provisions of that statute were to apply to both felonies and misdemeanors. Subsections (A) through (E) of A.R.S. § 13–604 explicitly define the mandatory sentences to be imposed for various combinations of current felony or misdemeanor offenses and prior felony or misdemeanor offenses. For instance, subsection (A) specifies that when the current offense is a class 4, 5, or 6 felony and the prior offense is a felony committed within the past ten years, the sentence is not less than the total sentence authorized and not more than twice the sentence authorized. Subsection (E) states that commission of the same misdemeanor or petty offense within a two year period will result in imposition of the sentence for the next higher class of offense. Presumably, had the legislature intended A.R.S. § 13–604.01 to apply to both felony and misdemeanor prior convictions it would have followed its own example in A.R.S. § 13–604 and made explicit provisions. That it did not do so indicates that the failure to specify was an oversight by the legislature rather than an implied directive to include both felony and misdemeanor prior convictions.

■ It is also helpful and proper to "turn to the overall purposes and aims of the legislature in enacting the statute in order to glean the legislative intent ...." *Cohen v. State,* 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978). Again, it is helpful to examine the companion recidivist statute, A.R.S. § 13–604. Even a casual perusal of the terms of A.R.S. § 13–604 shows that the legislature clearly delineated between the sentence enhancements when the perpetrator of a current crime had prior felony convictions as opposed to prior misdemeanor or petty offense convictions. The penalties are much harsher when the prior conviction was a felony and harsher yet when there is more than one prior felony conviction. Likewise, A.R.S. § 13–604 provides for different sentence enhancements based on whether the current offense is a felony, a misdemeanor, or a petty offense. While A.R.S. § 13–604.01, as amended, specifically applies only when the current offense is a felony, the original version made no provision for whether the prior conviction need be a felony or a misdemeanor. The aim of the legislature in enacting provisions for enhanced or mandatory sentences for repeat offenders, as evidenced by A.R.S. § 13–604, is to treat more severely those who have prior felony convictions than those who have prior misdemeanor or petty offense convictions. It would frustrate this obvious legislative intent to interpret the original version as mandating the same penalty when the prior offense was a misdemeanor or petty offense as is applied when the prior conviction was a felony. As we stated in *State ex rel. Larson v. Farley, supra,* 106 Ariz. at 122, 471 P.2d at 734:

If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one

spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other. . . .

A.R.S. § 1–211(A) gives us the clear direction to honor the intent of the legislature: "The rules and the definitions set forth in this chapter shall be observed in the construction of the laws of the state unless such construction would be inconsistent with the manifest intent of the legislature."

 The intention of the legislature can be discovered by an examination of the development of the particular statute. *O'Malley Lumber Co. v. Riley,* 126 Ariz. 167, 169, 613 P.2d 629, 632 (App.1980), suggests relevant elements of statutory history to use in determining whether the legislature intended to clarify or change a statute: "[I]f the legislative amendment is made after a considerable lapse of time and constitutes a clear and distinct change of the operative language, it is an indication of an intent to change rather than clarify the previous statute." In the instant case, the original version of A.R.S. § 13–604.01 was enacted in 1982; the amendment was enacted only one year later.

 The second aspect of the *O'Malley* test, that "if the legislative amendment . . . constitutes a clear and distinct change of the operative language, it is an indication of an intent to change rather than to clarify . . . ," also supports our construction of the amendment to A.R.S. § 13–604.01 as a clarification rather than a change. The addition of language which specified that the section applies only when the prior conviction was a felony does not constitute a "clear and distinct change." The original statute failed to supply the missing element which had been present in other sentence enhancement statutes. The amendment did not change that which was clear and distinct in the first place. It supplied the clarification—what was intended in the first instance.

## THE UNDESIGNATED CONVICTION

Having determined that the 1983 amendment to A.R.S. § 13–604.01 was a clarification rather than a change, and that at the time of defendant's instant offense the section applied only to one on probation for a prior felony offense, we are now faced with another problem. At the time of placing the defendant on probation for the prior offense the trial judge failed to designate whether the prior conviction for attempted third degree burglary should be considered a felony or a misdemeanor. After defendant was convicted of the prior offense, the trial court suspended imposition of sentence for three years and placed defendant on supervised probation for the same period of time. The minute entry of the trial court states:

"The Court is leaving open the designation of the offense as a class six felony or a class one misdemeanor. If the defendant performs satisfactorily on his probation, it will be designated as a class one misdemeanor. If he does not, then it will be designated as a class six felony; and the Court so admonishes the defendant."

We are referred to this court's holding in *State v. Risher,* 117 Ariz. 587, 574 P.2d 453 (1978), for the proposition that until the trial court declares it to be a misdemeanor, an open-ended sentence is deemed to be a felony conviction.

 The holding in *Risher* was based on A.R.S. § 13–1657 of the old criminal code which was repealed effective October 1, 1978 when the new criminal code came into effect. The new code made significant changes in the criminal statutes including the classification of felonies and misdemeanors for sentencing purposes. A.R.S. § 13–701. Periods of probation under the new code are determined by the classification of the offense. In addition, the code provided the method of designation of open-ended offenses. A.R.S. § 13–

702(G) (now § 13–702(H)) stated in relevant part:

> [I]f a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or a dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly ....

As noted by the Court of Appeals in *State v. Wright*, 131 Ariz. 578, 581, 643 P.2d 23, 26 (App.1982), "[i]t is clear that the trial court can no longer delay the designation of the offense but must, when it enters a judgment of conviction, decide whether or not it will designate the offense a class 1 misdemeanor." Defendant's prior conviction was in 1981, after the enactment of A.R.S. § 13–702(G) (now § 13–702(H)) and prior to the decision by the Court of Appeals in *Wright*. The statutory language nonetheless clearly prohibited the trial court from delaying the designation of the offense.[2] It was, therefore, contrary to law for the trial court to deny the designation of the defendant's prior offense as either a felony or a misdemeanor pending the outcome of the probationary period. There was, however, no challenge to the judgment of the trial court after its entry.

 The trial court has subsequently designated the prior offense as a felony after the defendant's commission of the present offenses. Is this retrospective designation of defendant's prior conviction as a felony sufficient to invoke the sentence enhancing provisions of A.R.S. § 13–604.-01(B)? We think not. The statute, as we have construed it, required that the offense be committed while the person is on probation for a conviction of a felony offense. At the time the offense was committed the defendant was not on probation for a felony offense. The prior offense had not been designated as a felony. The sentence enhancement provisions of A.R.S. § 13–604.-01(B) were improperly applied, and the defendant must be resentenced.

The opinion of the Court of Appeals is modified in accordance with the views expressed in this opinion. The judgment of conviction is affirmed, but the sentence imposed is set aside, and the case is remanded to the superior court for resentencing.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

2. In 1984 the legislature amended A.R.S. § 13–702(H) by adding the following language: "[o]r place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor."

The effect of the amendment reinstates the rule in *State v. Risher, supra.*