983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Albert D. CAPOZZI, Defendant-Appellant/Cross-Appellee.
 Nos. 91-10282, 91-10296.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Jan. 13, 1993.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert D. Capozzi appeals his conviction, maintaining that the district court erred in refusing to sever counts and in allowing the expert testimony of a government agent. The government cross-appeals, contending that the district court erred in refusing to sentence Capozzi as a career offender under the Sentencing Guidelines.
 
 
 3
 * Capozzi appeals the district court's denial of his motion to sever the "felon in possession of a firearm" count from the drug counts. We consider four factors when reviewing severance determinations: 1) whether the criminal history was entered by stipulation, or whether it was drawn out in a particularly prejudicial manner, 2) whether the prosecutor dwelled on the criminal history throughout the trial, 3) whether the court adequately cautioned the jury to consider the prior crimes evidence only in connection with the specific count for which it was introduced, and most importantly, 4) whether the evidence against the defendant was compelling. See U.S. v. Lewis, 787 F.2d 1318, modified, 798 F.2d 1250 (9th Cir.1986) (severance required); U.S. v. Burgess, 791 F.2d 676 (9th Cir.1986) (severance not required).
 
 
 4
 Examining these factors makes clear that severance was not required. Here the evidence was entered by a non-prejudicial stipulation, the prosecutor did not focus on the criminal history, the judge gave comprehensive cautionary instructions, and the evidence against Capozzi was strong.
 
 II
 
 5
 Capozzi's second objection is to the testimony of ATF agent Doug Gray, who testified regarding the reasons drug dealers carry guns while selling drugs. Fed.R.Evid. 702 allows for expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...." While Gray's testimony is of questionable value, we have held in other cases that the admission of testimony of no greater value was not an abuse of discretion. United States v. Kinsey, 843 F.2d 383, 388-89 (9th Cir.1988); United States v. Fleishman, 684 F.2d 1329, 1335 (9th Cir.1982). In any case, the evidence of Capozzi's guilt was "so overwhelming and convincing that any error in the admission of [Agent Gray's] testimony would be harmless beyond a reasonable doubt." Kinsey, 843 F.2d at 389.
 
 III
 
 6
 The government challenges the district court's refusal to sentence Capozzi as a career offender, contending that Capozzi's prior conviction for resisting arrest should have been treated as a prior felony conviction for a crime of violence.
 
 
 7
 At the time Capozzi was sentenced the sentencing judge did not designate the conviction as either a felony or a misdemeanor. Such an open-ended sentence was "contrary to [Arizona] law." State v. Sweet 143 Ariz. 266, 272, 693 P.2d 921 (1985). Sweet held that it was error for the court to fail to designate an offense as either a felony or a misdemeanor at the time of sentencing, and that a court could not use such an undesignated offense as a basis for enhancing the penalty of a subsequent offense. Id. at 271-72. Although Capozzi's resisting arrest sentence was later redesignated a felony offense prior to his federal sentencing, this redesignation did not cure the defect in the original sentence. Under these circumstances, the district court did not err in refusing to consider that conviction a prior felony conviction for the purposes of the career offender provision of the Sentencing Guidelines.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3