931 P.2d 426

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff/Appellant,**

v.

**ARIZONA BOARD OF CHIROPRACTIC EXAMINERS, and Arizona Board Of Osteopathic Examiners, Defendants/Appellees.**

No. 2 CA–CV 96–0164.

Court of Appeals of Arizona, Division 2, Department A.

June 18, 1996.

Bell & O'Connor by David M. Bell and Stewart P. Hoover, Phoenix, for Plaintiff/Appellant.

Grant Woods, Attorney General by Michael N. Harrison, Phoenix, for Defendant/Appellee Board of Osteopathic Examiners.

Eric A. Bryant, Phoenix, for Defendant/Appellee Board of Chiropractic Examiners.

OPINION

LIVERMORE, Judge.

Osteopaths and chiropractors are permitted to engage in physical therapy as part of their practice. We are asked to decide in this case whether their assistants may be permitted to administer such therapy. The rules of defendants, the Arizona Board of Chiropractic Examiners and the Arizona Board of Osteopathic Examiners, permit this activity. Plaintiff State Farm Mutual Automobile Insurance Company brought this declaratory judgment action seeking to hold the rules invalid as beyond the authority of the boards to adopt. It appeals from an adverse summary judgment. We affirm.

State Farm's argument is straightforward. Under A.R.S. §§ 32–2041(C)(1) and –2043(3), it is unlawful to practice physical therapy without a license. While licensed health care professionals are exempt from these provisions under A.R.S. § 32–2021(B), there is no such exemption for unlicensed assistants of such providers. And, *Sanfilippo v. State Farm Mutual Automobile Ins. Co.*, 24 Ariz. App. 10, 535 P.2d 38 (1975), expressly held that assistants of a licensed naturopathic physician were not authorized to administer physical therapy under his supervision.

We agree with the trial court that significant legislative changes since *Sanfilippo* have undercut its rationale. At the time it was decided, our statutes provided for licensed physical therapists and licensed physical therapist assistants. Statutes also provided for licensed health care providers, such as chiropractors, naturopaths, and osteopaths, but no provision was made for assistants to those providers. From this statutory scheme, the *Sanfilippo* court concluded that the legislature intended that physical therapy be administered by those licensed to do so and by no one else. Indeed, the court relied on a California case finding it improper for "highly qualified" but unlicensed physicians to administer anesthesia under the supervision of a licensed anesthesiologist. See *Magit v. Board of Medical Examiners*, 14 Cal.Rptr. 716 (1961).

The statutory landscape has changed dramatically since *Sanfilippo*. Physical therapy assistants are no longer licensed. Assistants to other licensed health care providers have been given express statutory recognition. Thus, chiropractic assistants are defined in A.R.S. § 32–900(3) and the Board of Chiropractic Examiners is given authority in § 32–904(B)(3) to adopt rules regarding them, to determine their qualifications, and to otherwise regulate their activities. Similar provisions relating to "medical assistants" to osteopathic physicians are contained in A.R.S. §§ 32–1800(14) and –1803(A)(7).

Viewing the statutory scheme as a whole and harmonizing apparent conflicts, as we are required to do under *State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985), we believe that the legislature has shifted from a posture where health care services, such as physical therapy, could be provided only by licensed individuals to one where such services can be provided by licensed individuals and supervised assistants of those individuals who are themselves subject to regulation by licensing boards. As the trial court noted, it would appear illogical to allow unlicensed "physical therapist assistants" to administer physical therapy under the supervision of their licensed employer but to deny permission to other regulated but unlicensed assistants acting under the supervision of their licensed employers. Given that logic, and the need to reduce health care costs by the judicious use of trained and regulated assistants, the statutes authorizing the defendant boards to regulate their licensees' assistants permit the regulations in issue in this case. See *Matter of Promulgation of N.J.A.C.* 13:35–6:14, 205 N.J.Super. 492, 501 A.2d 547 (1985). That result is also consistent with the provision of A.R.S. § 32–2021(B) that the restrictions of the physical therapy statutes are not to "be construed to prohibit the lawful practice of a licensed health care professional."

Affirmed.

ARES, J. Pro Tem., and PELANDER, P.J., concur.