710 P.2d 475

**STATE of Arizona, Appellee,**

v.

**Paul Alan SCHROEDER, Appellant.**

**No. 1 CA-CR 8582.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 1, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

On November 4, 1983, the appellant was placed on three years' probation following a guilty plea to the crime of attempted burglary, third degree, a class six undesignated offense, cause CR–134842. On September 20, 1984, a complaint was filed charging appellant with second degree burglary, a class three felony, cause CR–143456. The offense occurred September 18, 1984. On November 5, 1984, appellant entered into a plea agreement wherein he agreed to plead guilty to trespass, first degree, a class six felony with one prior felony conviction in CR–134842 and while on probation for CR–134842. The agreement provided that appellant would be sentenced pursuant to A.R.S. § 13–604.01 to the presumptive term and that the term would be "flat time" and consecutive to the sentence imposed in CR–134842. Appellant was sentenced in accordance with the plea agreement.

Appellant contends that his sentence was improper because his prior offense was not designated a felony at the time he committed the present offense. We reject appellant's argument.

Effective August 3, 1984, the legislature amended A.R.S. § 13–702(H) to provide that all undesignated offenses shall be treated as felonies until designated misdemeanors. Laws 1984, ch. 16. The record on appeal does not show that appellant's prior offense was designated a misdemeanor prior to the date of the current offense, September 18, 1984. Therefore, pursuant to A.R.S. § 13–702(H), as amended, appellant was, in effect, on probation for a felony when he committed the offense on September 18, 1984. Since appellant was effectively on probation for a felony, application of A.R.S. § 13–604.01 was proper.

Appellant argues that since he was sentenced for the *prior* offense before the effective date of the 1984 revision to A.R.S. § 13–702(H), he was on probation for an undesignated class six offense, not for a felony, when he committed the *present* offense. Appellant relies on *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985).

Appellant's reliance on *State v. Sweet* is misplaced. In *Sweet*, the offense Sweet committed while on probation occurred pri-

or to the effective date of the 1984 amendment to A.R.S. § 13–702(H). While *Sweet* does address the issue of designating the status of a prior offense, it does not address the issue currently on appeal, i.e., the effect of the 1984 amendment to A.R.S. § 13–702(H).

Appellant's second contention on appeal is that the judgment fails to reflect credit for 35 days of pretrial incarceration. Appellant and appellee agree that a credit for 35 days should be granted. Therefore, we amend the judgment to reflect a credit for 35 days of pretrial incarceration to be applied to the sentence imposed in CR–143456.

Judgment affirmed as modified.

CONTRERAS, P.J., and MEYERSON, J., concur.