726 P.2d 604

**STATE of Arizona, Appellee,**

v.

**James Douglas FALLON, Appellant.**

**No. 1 CA–CR 8856.**

Court of Appeals of Arizona,
Division 1, Department A.

March 11, 1986.

---

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Chief Counsel, Crim. Div., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GREER, Presiding Judge.

The issue raised on appeal is whether A.R.S. § 13–702(H) as amended, Laws 1984, is to be applied retroactively to designate an open-end offense as a felony in order to trigger the repeat felony offender provisions of A.R.S. §§ 13–604.01 or 13–604.[1] We hold that the 1984 amendments to A.R.S. § 13–702(H) should not be applied retroactively. Therefore, we must set aside the plea agreement and remand the case to the superior court for reinstatement of all charges against the appellant or for further proceedings consistent with this opinion.

## I. FACTS

The facts necessary to resolve the issue are as follows. On December 7, 1983, the appellant was placed on three years probation for theft of a motor vehicle, a class six open-end undesignated offense (one which would later be designated either as a misdemeanor or felony), in Cause No. CR–134477. This was an illegal sentence, since at that time there was no statutory authority to defer designation of the offense beyond the date of sentencing. *See State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985); *State v. Wright,* 131 Ariz. 578, 643 P.2d 23 (App.1982).

---

1. In his reply brief, appellant contended that application of amended § 13–702(H) to open-ended offenses not designated as a felony before the effective date of the amendment violates the Arizona and United States Constitutions which prohibit *ex post facto* laws. Ariz. Const. art. 2, § 25, U.S. Const. art. 1, § 10, cl. 1. In reviewing this case we find it unnecessary to reach the constitutional question because we can determine the merits of appellant's claim on alternative state law grounds. *See State v. Yslas,* 139 Ariz. 60, 676 P.2d 1118 (1984); *School Dist. v. Strohm,* 106 Ariz. 7, 469 P.2d 826 (1970).

On January 28, 1985, the appellant, pursuant to a plea agreement, pled no contest to one count of trafficking in stolen property, alleged to have occurred on August 21, 1984, a class three felony with a prior conviction. Among other provisions, the agreement specified that the appellant would be sentenced to no more than the enhanced presumptive term of seven and one-half years in CR–144237 and that probation in CR–134477 would be unsuccessfully terminated with no further incarceration. At the sentencing hearing the appellant was sentenced in accordance with the agreement and immediately thereafter the court designated the 1983 theft conviction as a felony.

On appeal, the appellant's sole contention is that he did not have a prior felony conviction at the time he entered into his plea agreement in CR–144237 because his prior conviction for a class six open-end undesignated offense in CR–134477 had not been designated a felony at the time he committed the subsequent offense, but rather was designated a felony after the court pronounced sentence. The appellant argues that since he had no prior felony conviction, his plea of no contest must be vacated because there was no factual basis to support the prior felony conviction alleged.

## II. ANALYSIS

█ In order to trigger the enhanced sentencing provisions of A.R.S. § 13–604.01 or 13–604 for repeat felony offenders, the defendant must have had a prior felony conviction at the time of the second offense. *See State v. Sweet, supra.* In *Sweet,* the Arizona Supreme Court first determined that the sentence enhancement provisions of A.R.S. § 13–604.01 (as enacted, 1982) applied only to a defendant who was on probation for a *felony* at the time of the subsequent offense. The court then proceeded to determine whether the defendant (Sweet) had in fact been on probation for a felony when he committed this second offense.

At the time Sweet had been placed on probation for his prior offense, the trial judge had expressly deferred designation of the offense as a misdemeanor or felony until termination of probation. Our supreme court, citing *State v. Wright, supra,* noted that the statute in effect in 1981[2] clearly prohibited the trial judge from deferring the designation of the offense as a felony or misdemeanor, stated:

It was, therefore, contrary to law for the trial court to deny the designation of the defendant's prior offense as either a felony or a misdemeanor pending the outcome of the probationary period. There was, however, no challenge to the judgment of the trial court after its entry.

The trial court has subsequently designated the prior offense as a felony after the defendant's commission of the present offenses. Is this retrospective designation of defendant's prior conviction as a felony sufficient to invoke the sentence enhancing provisions of A.R.S. § 13–604–01(B)? We think not. The statute, as we have construed it, required that the offense be committed while the person is on probation for a conviction of a felony offense. At the time the offense was committed the defendant was not on probation for a felony offense. The prior offense had not been designated as a felony. The sentence enhancement provisions of A.R.S. § 13–604.–01(B) were improperly applied, and the defendant must be resentenced.

143 Ariz. at 272, 693 P.2d at 927.

The operative facts in *Sweet* are practically identical to those presented in this

---

**2.** A.R.S. § 13–702(G) (now 13–702(H)), stated in part:

[I]f a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or a dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly.

appeal and would appear to require that appellant's sentence be set aside.

The state contends, however, that *Sweet* can be distinguished because, unlike in *Sweet*, by the time the appellant in this case committed his second offense, A.R.S. § 13–702(H) had been amended so as to provide that when the designation of the prior offense has been deferred, the offense must be treated as a felony for all purposes until designated a misdemeanor.[3]

In essence, the state's contention is that the 1984 amendment is to be applied retroactively to appellant's 1981 probation sentence so as to require that it be considered a felony at the time of the commission of the subsequent offense, even though it was not in fact designated a felony until some seven months thereafter. We do not find this argument persuasive.

 Unless a statute is expressly declared to be retroactive, it will not govern events that occurred before its effective date. *See* A.R.S. § 1–244; *see also, State v. Gonzales,* 141 Ariz. 512, 687 P.2d 1267 (1984); *State v. Superior Court,* 139 Ariz. 422, 678 P.2d 1386 (1984). There is no indication in Chapter 16, Laws of 1984, that the 1984 amendment to A.R.S. § 13–702(H) was intended to have any retrospective effect. Instead, it is clear that the purpose of the amendment was to authorize a new sentencing alternative. After the amendment became effective on August 3, 1984, the court could, for the first time since the enactment of the "new" criminal code in 1978, legally refrain from designating the offense as a felony or misdemeanor at the time of the initial sentencing. However, included within this new sentencing alternative was the further provision that if the

court did refrain from designating the offense as a felony, nevertheless the offense would be treated as a felony for all purposes until actually designated as a misdemeanor.

 When viewed in context, it is clear that the provision in the 1984 amendment which requires the treatment of an undesignated offense as a felony until otherwise designated was merely a part of the newly authorized sentencing alternative which allowed the trial judge to defer the designation at the time of sentencing. There is nothing in the statute which indicates an intent that the statute be given retrospective application to prior illegally imposed sentences such as that which had been imposed on Sweet or that which had been imposed on appellant in this case. Accordingly, we conclude that the disposition of this case is controlled by *Sweet,* and that the judgment of conviction and sentence imposed on appellant must be set aside.

In arriving at our decision we also reject the state's contention that its position does not constitute a retrospective application of A.R.S. § 13–702(H) (as amended, 1984). In advancing this contention the state relies on authorities dealing with the application of the *ex post facto* doctrine, such as *State v. Cocio,* 147 Ariz. 277, 709 P.2d 1336 (Ariz. Sup.Ct.1985). In *Cocio,* while the defendant was on probation for a prior felony conviction, but before he committed his subsequent offense, the legislature enacted A.R.S. § 13–604.01 requiring a life imprisonment sentence for a person convicted of a felony offense involving the use of a deadly or dangerous instrument while on probation for a prior *felony* offense. The

---

**3.** A.R.S. § 13–702(H) (as amended, effective August 3, 1984) provides in part:

H. Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a

felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly *or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.* (Changes emphasized; footnote omitted).

court rejected the defendant's argument that the application of § 13–604.01 under these circumstances constituted a retrospective increment affecting his prior probation sentence, pointing out that his probation sentence was not changed in any way. Unlike *Cocio*, in this case the application of A.R.S. § 13–702(H) (as amended, 1984) would have a direct retrospective effect on appellant's probationary status. First, its application would presumably change the law and make legal that which was previously illegal, and second, it would directly change appellant's probationary status as established by *Sweet* from a nonfelonious status to a felonious status. Therefore, the state's reliance on authorities such as *Cocio* is misplaced.

We realize that the decision we reach in this case is contrary to that recently reached by another panel of this court in . *State v. Schroeder*, 147 Ariz. 365, 710 P.2d 475 (App.1985). The court in *Schroeder*, without analysis, apparently assumed the legislature intended that the 1984 amendment to § 13–702(H) would be applicable to previously imposed illegal sentences. For the reasons stated in this opinion, we find that assumption erroneous. Contrary to the holding in *Schroeder*, we find that this case is controlled by *State v. Sweet*. As noted in *Sweet*, the trial court's "retrospective designation of defendant's prior conviction as a felony" in that case was not sufficient to invoke the sentence enhancing provisions of A.R.S. § 13–604.01. Similarly, in this case the subsequent enactment of the 1984 amendments to A.R.S. § 13–702(H) did not operate to "retrospectively" convert appellant's prior undesignated probation to a felony designation.

Here, appellant was simply not on probation for a felony at the time of his subsequent offense. Accordingly, there was no factual basis for his plea agreement. Therefore, the conviction and sentence are set aside and the plea agreement is vacated. The matter is remanded to the superior court for reinstatement of all charges against appellant, or for such other proceedings consistent with this opinion.

BROOKS and HAIRE, JJ., concur.