726 P.2d 608

**STATE of Arizona, Appellee,**

v.

**James Douglas FALLON, Appellant.**

**No. CR 86 0128–PR.**

Supreme Court of Arizona.

Sept. 24, 1986.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Maricopa Co. Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by James L. Edgar, Deputy Maricopa Co. Public Defender, Phoenix, for appellant.

HOLOHAN, Chief Justice.

We have granted review in this case to resolve a conflict between two panels of Division One of the Court of Appeals, over the application of A.R.S. § 13–702(H), a sentencing statute. The Court of Appeals set aside the defendant's conviction and sentence and vacated the plea agreement. *State v. Fallon,* 151 Ariz. 188, 726 P.2d 604 (App.1986).

We must decide whether A.R.S. § 13–702(H) may be applied retroactively to convictions which occurred prior to its effective date of August 3, 1984.

On December 7, 1983, the defendant was placed on three years probation for theft of a motor vehicle, a class 6 open-end undesignated offense (one which the court would designate as a misdemeanor or a felony pending the outcome of probation). In November 1984, while still on probation for the auto theft, the defendant was charged with five felony offenses alleged to have occurred on August 21, 1984. A plea agreement provided that the defendant would enter a plea of no contest to Count II of the indictment (trafficking in stolen property, a class 3 felony) with one prior felony conviction. The agreement stipulated that defendant's sentence would be for a term of no more than 7.5 years in prison, and that defendant's probation would be terminated as unsuccessful but without imprisonment. According to the agreement, the defendant would not be eligible for release on any basis until two-thirds of the sentence imposed had been served. The court sentenced the defendant in accordance with the plea agreement and designated the 1983 theft conviction a felony.

The defendant contends that his plea and conviction must be set aside because there was no factual basis for the prior felony conviction used to enhance his sentence. The plea agreement was based upon the defendant's prior conviction for the class 6 open-end undesignated offense (auto theft)

1. A.R.S. § 13–702(G) (now § 13–702(H)).

2. A.R.S. § 13–702(H) (as amended, effective August 3, 1984) provides in part:

which had not been designated a felony at the time he committed the subsequent offense, but only after the court pronounced sentence. The defendant argues that his sentence could not be enhanced because he had not been convicted of a prior felony offense at the time he entered his plea.

First, as the Court of Appeals correctly observed, the trial court in 1983 improperly deferred designation of defendant's auto theft beyond the date of sentencing. The court at that time did not have statutory authority to defer designation (as either a misdemeanor or felony) of an open end offense. *State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985). In *Sweet,* this court held that under the statute in effect in 1981,[1] the trial court could not defer designation of an offense as a felony or misdemeanor pending the outcome of the probationary period. 143 Ariz. at 272, 693 P.2d at 927. In addition, in order to trigger the enhanced sentencing provisions of A.R.S. §§ 13–604.01 or 13–604 for repeat felony offenders, the offense must be committed while the person is on probation for a conviction of a felony offense. *Id.*

By the time Fallon committed his second offense, however, A.R.S. § 13–702(H) had been amended to provide that when designation of a prior offense has been deferred, the offense shall be treated as a felony until the court actually designates the offense a misdemeanor.[2] In short, there is now a presumption that an undesignated offense is a felony.

The State argues that the 1984 amendment should be applied retroactively to defendant's 1983 probation sentence so that the prior offense be considered a felony at the time of the commission of the second offense. The State relies on *State v. Schroeder,* 147 Ariz. 365, 710 P.2d 475 (App.1985), in support of its position. In *Schroeder,* another panel of the Court of Appeals, Division One, held, under facts similar to the present case, that a defendant could be sentenced as a repeat felony offender despite the fact that his prior of-

H. Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or

fense and sentence occurred before the effective date of A.R.S. § 13–702(H) and the offense was not designated a felony at the time of the commission of the second offense. 147 Ariz. at 365–66, 710 P.2d at 475–76. The court reasoned that pursuant to the 1984 amendment to A.R.S. § 13–702(H), the defendant's prior offense was "effectively" a felony and, consequently, application of A.R.S. § 13–604.01, the enhanced sentencing statute, was proper. 147 Ariz. at 365, 710 P.2d at 475.

A statute will not be applied retroactively unless expressly specified by the legislature. A.R.S. § 1–244. Similarly, A.R.S. § 1–246 provides:

> When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

We agree with the conclusion of the Court of Appeals in the case at issue that there is no indication in chapter 16, Laws of 1984, that the 1984 amendment to A.R.S. § 13–702(H) was to have any retrospective effect. Anything to the contrary in *Schroeder* is disapproved.

We hold that the trial court could not designate the defendant's prior undesignated conviction as a felony in order to invoke the sentence enhancing provision of A.R.S. § 13–604.02. Thus, there was no factual basis for the plea agreement.

We approve the decision of the Court of Appeals setting aside the defendant's conviction and sentence and vacating the plea agreement. The case is remanded to the superior court for reinstatement of all charges against the defendant and for further proceedings consistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly *or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.*

(Changes emphasized)