748 P.2d 783

The STATE of Arizona, Appellee,

v.

Ralph Ace WELKER, Jr., Appellant.

No. 2 CA–CR 87–0492.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 29, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and R. Wayne Ford, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Phoenix, for appellant.

OPINION

HOWARD, Presiding Judge.

Appellant pled guilty to possession of dangerous drugs, and the court suspended imposition of sentence and placed appellant on probation for three years commencing January 9, 1986. A petition to revoke probation was filed in December 1986, alleging that appellant had violated his probation conditions by committing the offenses of burglary and theft, and by possessing dangerous weapons. The substantive burglary and theft charges were pending under a separate superior court cause number. Appellant entered into an agreement whereby he admitted the burglary and theft as probation violations in the instant case and agreed to pay restitution to the victims of those offenses in exchange for the state's dismissal of the substantive burglary and theft charges. At the violation hearing, appellant knowingly, voluntarily and intelligently admitted the two violations and agreed that he would pay restitution of no more than $4,000. At the subsequent disposition hearing, the court extended appellant's probation an additional year, ordered that he serve six months in the county jail, and ordered restitution in the amount of $3,894.36.

Appellant's counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising no arguable issues. Appellant was given the opportunity to file a supplemental brief in propria persona and has not done so. The court, *sua sponte*, has raised the following questions:

1. Since A.R.S. § 13–3404(B)(2) mirrors the language of former § 13–702(G), does the law in *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985), decided by the Arizona Supreme Court, apply to make it improper to leave the offense undesignated? Former A.R.S. § 13–702(G) has been amended and is now § 13–702(H), and it refers only to class 6 felonies.

2. If the holding in *State v. Sweet* applies, can this court direct the trial court to designate the offense as either a felony or a misdemeanor and thereby correct the sentencing even though the state did not appeal or cross-appeal?

3. Is there anything in the plea agreement or otherwise that would require that court to order that the appellant be allowed to withdraw his plea in the event that the failure to designate was erroneous?

To understand and address the issues raised, a brief summary of the applicable statutes and case law is necessary. Appellant was convicted of the drug possession offense under former A.R.S. § 13–3404.[1] Section 13–3404(B)(2) provided that the offense was "a class 4 felony, but the court may, having regard to the nature and circumstances of the offense, enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly."[2] Prior to August 3, 1984, A.R.S. § 13–702(G) (now § 13–702(H)) provided:

Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, *the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly....* (Emphasis added.)

An amendment to that statute, which became effective on August 3, 1984, allowed the trial court to postpone the designation of the offense as a felony or a misdemeanor until the defendant's probation had terminated. 1984 Ariz.Sess.Laws, Ch. 16 § 1. Under the former statute, however, the court was prohibited from deferring designation of the offense. *State v. Sweet*, 143

---

1. The offense for which appellant was convicted is now governed by A.R.S. § 13–3407.

2. The language at issue here was not changed and provides at § 13–3407(B)(1) for the court to enter judgment of conviction for a class 1 misdemeanor "and make disposition accordingly."

Ariz. 266, 693 P.2d 921 (1985). Thus, prior to the amendment, the same language in § 13–3404(B)(2) would have been construed similarly to prohibit the court from deferring designation of the offense.

Our concern is that when the legislature amended § 13–702(H) to permit the trial court to defer designation of class 6 felonies, A.R.S. § 13–3404(B)(2) was not similarly amended. One purpose behind § 13–702(H) is to permit certain less serious class 6 offenses, in the discretion of the trial judge, to be reduced from felonies to misdemeanors depending upon a probationer's performance during his term of probation. From the legislature's failure to amend § 13–3404(B)(2) we may infer the conclusion that those class 4 drug offenses should not be treated with similar leniency. The rule of *State v. Sweet* should apply here. The trial court in this case was required to designate appellant's offense at the time of judgment and to inform appellant of the possibilities when he entered his plea.

The judgment of conviction and sentence are vacated and the matter is remanded. Should the trial court, on remand, accept a plea agreement, the court must designate appellant's offense as either a class 1 misdemeanor or a class 4 felony at the time the judgment is entered and sentence appellant accordingly.

LACAGNINA, C.J., and HATHAWAY, J., concur.