776 P.2d 359

**STATE of Arizona, Respondent,**

**v.**

**Rex D. WATKINS, Petitioner.**

**Nos. 1 CA–CR 88–297–PR, 1 CA–CR 88–304–PR.**

Court of Appeals of Arizona, Division 1, Department A.

June 27, 1989.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent.

John M. Antieau, Phoenix, for petitioner.

## OPINION

JACOBSON, Presiding Judge.

This petition for post-conviction relief again calls into question the use of an "open end" offense (one which may be punished either as a misdemeanor or a felony) to enhance punishment on a subsequent conviction.

In 1982, petitioner, Rex D. Watkins, was convicted of two class 3 felonies. Pursuant to the then existing form of A.R.S. § 13–604(D),[1] the trial court enhanced the petitioner's sentence. Of the two felonies utilized by the trial court under this section, one was a conviction entered in CR

120284 for leaving the scene, a class 6 open end offense. This conviction was the result of a plea agreement, which provided: "The defendant will be placed on probation. The offense will be designated as a misdemeanor at the successful completion of probation." The petitioner remained in this status until the present criminal charges were filed. At the sentencing in this case, the trial judge found that the petitioner was in violation of his probation and at that time designated the prior open end offense as a class 6 felony. The trial judge then utilized that felony for enhancement purposes under A.R.S. § 13–604(D). This second petition for post-conviction relief calls into question the propriety of that procedure.

The state argues that the sentence is proper under the reasoning of *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), and *State v. Superior Court*, 142 Ariz. 280, 689 P.2d 539 (1984). In *Hannah*, the court held that one of two convictions obtained in the same trial could be used as a prior conviction for enhancing a sentence pursuant to A.R.S. § 13–604. *Superior Court* held that a "prior conviction" may enhance a subsequent conviction even though the criminal activity giving rise to prior conviction did not take place prior in time to the subsequent offense.

Based on these cases, the state argues that the trial court, after revocation of probation, could properly designate the prior open end offense as a felony. Therefore, defendant would stand convicted of two felonies at the same time and one, under *Hannah*, could enhance the other.

The petitioner, on the other hand contends that under the cases of *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985), and *State v. Fallon*, 151 Ariz. 192, 726 P.2d 608 (1986), an open end offense occuring prior to August 3, 1984 cannot be utilized for enhancement purposes.[2]

---

1. Former A.R.S. § 13–604(D) provided:

   [A] person ... who stands convicted of a class 2 or 3 felony, and who has been previously convicted of *two or more felonies* shall be sentenced to imprisonment for at least

   twice the sentence and not more than 4 times the sentence authorized.... (Emphasis added).

2. Effective August 3, 1984, A.R.S. § 13–702(H) (formerly § 13–702(G)) was amended to provide

In *Sweet,* the defendant was convicted of a felony while on probation. The probation had arisen out of an open end offense which the trial court had not designated as a felony or a misdemeanor at the time of sentencing, letting that determination await completion of probation. The question then arose whether the defendant's sentence could be enhanced under former A.R.S. § 13–604.01 as having been committed while on probation for a felony. The supreme court held that it was "contrary to law for the trial court to deny the designation of the defendant's prior offense as either a felony or a misdemeanor pending the outcome of the probationary period." *Sweet,* 143 Ariz. at 272, 693 P.2d at 927. The court therefore held that the defendant was not on probation for a felony at the time the subsequent offense occurred.

In *Fallon,* the supreme court applied the *Sweet* rationale and held that the amendment to A.R.S. § 13–702(H) (noted in footnote 2) could not be applied retroactively to allow enhancement of a sentence for a crime committed while defendant was on probation for an undesignated open end offense.

The petitioner argues, based upon *Sweet* and *Fallon,* that his prior undesignated open end offense, being contrary to law, cannot form the basis of a felony conviction for enhancement purposes. The state argues that both *Sweet* and *Fallon* dealt only with the enhancement provision of A.R.S. § 13–604.01 (offenses committed while on felony probation) while this case deals with the enhancement provision of former A.R.S. § 13–604(D) (enhancement based upon prior felony convictions).

In our opinion, this is a distinction without a difference. The underlying principle of *Sweet* and *Fallon* is that, prior to the 1984 amendment to A.R.S. § 13–702(H), the trial court could not legally defer the designation of an open end offense pending the outcome of probation. Thus, the subsequent designation, as occurred in both *Sweet* and *Fallon,* was a nullity. It was this attempt to breathe felonious life into an improper sentence that is condemned in *Sweet* and *Fallon,* not which enhancement statute was being utilized.

Here, the trial court in the open end case improperly failed to designate the offense at the time of conviction. The attempt to cure this defect by subsequent designation has no more effect than it had in *Sweet* or *Fallon.* Under this analysis, *Hannah* and *Superior Court* are simply inapplicable as they dealt with successive felony convictions. In petitioner's case, his "conviction," under *Sweet,* a nonfelony, occurred back in September 1981, not when the trial court improperly made a "designation" in 1982.

We therefore hold that the petitioner was improperly sentenced under former A.R.S. § 13–604(D) with two prior felony convictions. The petition for review is granted, the relief requested is granted, and this matter is remanded for resentencing with only one prior felony conviction.

GERBER and BROOKS, JJ., concur.

---

that when the designation of a prior offense has been deferred, the offense shall be treated as a

felony until actually designated as a misdemeanor.