841 P.2d 1383

**The STATE of Arizona, Appellee,**

v.

**Diana Kay ARANA, Appellant.**

**No. 2 CA–CR 91–0020.**

Court of Appeals of Arizona,
Div. 2, Department A.

April 7, 1992.

Review Granted Sept. 22, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Robert S. Golden, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant.

## ORDER

On motion of the court,

ORDERED: This Court's Opinion filed March 31, 1992, in the above-entitled appeal, is vacated.

FURTHER ORDERED: An AMENDED OPINION has this date been filed.

LIVERMORE, C.J., concurs.

HOWARD, Judge.

Appellant was charged with theft, a class 3 felony. She pled guilty to a class 6 open-ended offense. The trial court left the offense undesignated and placed appellant on three years' probation. The only issue on appeal is whether the trial court erred in also imposing the $100 penalty under A.R.S. § 13–812. We believe it did and vacate that portion of the sentence.

Section 13–812 requires the sentencing court to impose a $100 penalty on each individual defendant "convicted of a felony." Pursuant to A.R.S. § 13–702(H), the sentencing judge suspended the designation of the offense here. The statute provides that when the court has placed the defendant on probation and suspended the designation of the offense, "[t]he offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." The state contends that this must be construed as permitting the court to impose the felony penalty assess-

---

ment under A.R.S. § 13–812. We disagree.[1]

In *State v. Fallon*, 151 Ariz. 192, 726 P.2d 608 (1986), our supreme court held that A.R.S. § 13–702(H), which was effective August 3, 1984, could not be applied where the defendant was convicted of the undesignated offense before the amendment and the subsequent conviction that was being enhanced with the first was entered after the amendment. The court implied, however, that if the statute had been in effect, it would have been proper to use that conviction to enhance the subsequent conviction because "[i]n short, there is now a presumption that an undesignated offense is a felony." *Id.* at 193, 726 P.2d at 609. Permitting such a presumption in the sentence enhancement context, however, does not result in the direct conflict in sentencing provisions as it would here. As appellant notes, for example, the maximum terms of imprisonment differ for felonies and misdemeanors. *See* A.R.S. §§ 13–701 and 13–707. Consequently, a defendant who has been placed on probation for an open-ended offense cannot be ordered to serve more than six months in jail as a condition thereof because in the event the offense is designated a misdemeanor, the sentence will have been illegal, one unauthorized by statute. Similarly, there are limits on the amounts of penalty assessments which may be imposed depending on whether the offense is a felony or a misdemeanor. *Compare* A.R.S. §§ 13–801 and 13–802.

■ We hold, then, that when the court suspends the designation of an offense pursuant to A.R.S. § 13–702(H), it may not impose sanctions that exceed the statutory parameters for misdemeanors. As appellant has not actually been convicted of a felony for sentencing purposes, the court may not impose the penalty assessment under A.R.S. § 13–812. The court may, however, impose this penalty and any other sanctions authorized by statute in the event the offense is designated a felony.

We have reviewed the entire record for fundamental error and, having found none, we affirm the conviction. That portion of the sentencing imposing the $100 fine is, however, vacated.

LIVERMORE, C.J., and LACAGNINA, J., concur.

---

1. We note that our supreme court has ordered that a class 6 undesignated offense is to be assessed the mandatory felony fee and that no refund is available even if the offense is later designated a misdemeanor. Administrative order 91–35 (filed November 14, 1991). The order, which became effective December 31, 1991, only applies to "misdemeanor offenses committed at and after midnight September 30, 1991." As the instant offense was committed in 1988, the administrative order does not apply.