842 P.2d 1350

**Daniel Lee PETERSON, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Gregory Martin, a judge thereof, Respondent Judge,**

**The STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 91–041.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 27, 1992.

Review Denied Jan. 20, 1993.

Grant Woods, Atty. Gen., by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Brian C. Bond, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for real party in interest.

## OPINION

FIDEL, Judge.

In this special action, we determine whether a trial court may belatedly—as distinguished from retroactively—designate as a felony or misdemeanor a crime that the court erroneously left undesignated at sentencing.

## HISTORY

On June 16, 1987, petitioner Daniel Peterson (defendant) pled guilty to possession of a dangerous drug, a class four "open-ended felony," in violation of former Ariz. Rev.Stat.Ann. ("A.R.S.") section 13–3404, *repealed by* 1987 Ariz.Sess.Laws 967, 986. The plea was accepted and entered of record on that day. Four weeks later, on the date set for sentencing, the trial court entered judgment of guilt and placed defendant on four years' probation, but failed to designate his crime as a felony or misdemeanor.

In October 1990, during disposition proceedings for an admitted probation violation, a different trial judge recognized a flaw in the original proceedings. Defendant's crime was open-ended in the sense that the sentencing court could designate it as either a class 4 felony or a class 1 misdemeanor; however, the statute then applicable required the court to make this designation at the time it entered judgment of conviction. *See* A.R.S. § 13–3404(B)(2), *repealed by* 1987 Ariz.Sess.Laws 967, 986; *State v. Sweet*, 143 Ariz. 266, 271–72, 693 P.2d 921, 926–27 (1985); *State v. Welker*, 155 Ariz. 554, 555–56, 748 P.2d 783, 784–85 (App.1987).[1]

The trial court, interpreting *Sweet, Welker*, and other cases we will later discuss, concluded that it lacked authority to belatedly designate the crime. Instead, the court vacated the judgment of guilt, reinstated defendant's not guilty plea, and set the case for trial. Defendant moved to dismiss on double jeopardy grounds, the trial court denied the motion, and defendant brought this special action.

■ We take jurisdiction to relieve petitioner of double jeopardy. We hold as follows:

1) The trial court erroneously vacated the judgment of guilt and set aside defendant's guilty plea; in so doing, it placed him in double jeopardy.

2) A trial court, confronted with a designation omission as in this case, may belatedly designate the crime, even though the court may not give retroactive, *nunc pro tunc*, sentence-enhancing status to a belated felony designation.

3) To relieve defendant of double jeopardy, we need not direct the trial court to grant defendant's motion to dismiss. Instead, we direct the trial court to reinstate the original judgment and belatedly supply the missing designation.

Our reasons follow.

## DOUBLE JEOPARDY

The Double Jeopardy Clause of the United States Constitution prevents any person from being "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause prohibits a second prosecution for an offense after jeopardy has attached in a first prosecution. *See* 3 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 24.1, at 63–65 (1984).

---

1. Former A.R.S. section 13–3404(B)(2) classified the offense as a class 4 felony, but also provided that "the court may, having regard to the nature and circumstances of the offense, enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly." Similar language in an analogous statute was read by our supreme court to require designation at the time of sentence, precluding deferral until completion of probation. *See State v. Sweet*, 143 Ariz. at 271–72, 693 P.2d at 926–27, interpreting former A.R.S. section 13–702(G), *amended by* 1984 Ariz.Sess.Laws 64, 66, which permitted alternative misdemeanor designation of certain class 6 felonies. In *State v. Welker*, 155 Ariz. at 555–56, 748 P.2d at 784–85, Division Two of our Court applied *Sweet's* holding to the similar language of former section 13–3404(B)(2).

Defendant was placed in jeopardy on June 16, 1987, when the court accepted his guilty plea. Our supreme court has stated:

> Once a court accepts a plea of guilty, the accused is put in jeopardy.... A court may not, therefore, sua sponte, enter an order vacating the acceptance of the plea of guilty and set the case for trial.

*State v. De Nistor*, 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985) (citation omitted).

In this case, over defendant's objection, the trial court vacated the plea *sua sponte*, after defendant had served more than three years of probation pursuant to the plea. This was plainly error unless, through some flaw in the entry or acceptance of the plea, jeopardy had not attached.

The State conceded the double jeopardy violation in the trial court. It now argues, however, that jeopardy did not attach when the plea was accepted because the plea agreement was invalid. We understand the State to argue that, by describing defendant's crime as "an open-ended felony," the plea agreement required the court to leave the offense undesignated at the time of sentencing. We disagree. The plea agreement provided that defendant would *plead* guilty to a "class 4 open-ended felony"; the agreement did not mention, much less restrict, the trial court's authority to designate the crime at sentencing. Indeed, the plea agreement referred expressly to former A.R.S. section 13–3404, which required designation at the time of sentencing. Just as parties to a plea agreement may, by silence, leave it to the trial court to determine the sentence, so may parties, by silence, leave it to the trial court to determine the designation of an undesignated offense. That is precisely the effect of the agreement here.[2]

The error in this case lay neither in the plea agreement nor in the proceeding at which the plea was accepted and jeopardy attached. The error occurred four weeks later when the sentencing judge, while entering judgment of guilt and placing defendant on probation, neglected to designate the crime. Though this was remediable, even when discovered several years later, the remedy was not to vacate a valid plea agreement without defendant's consent and expose him to jeopardy once more.

## REMEDY

The trial court concluded that it could not retroactively designate the crime as either a felony or a misdemeanor, relying on a series of cases that we now explore. First is *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921. There, as here, the trial court erroneously left a crime undesignated at sentencing.[3] Though the trial court later designated the crime a felony, our supreme court held that this belated designation could not take retroactive effect to enhance the sentence for an intervening crime. *Id.* at 272, 693 P.2d at 927. The court stated:

> The trial court has subsequently designated the prior offense as a felony after the defendant's commission of the present offenses. Is this retrospective designation ... sufficient to invoke the sentence enhancing provisions of A.R.S. § 13–604.01(B)? We think not. The statute, as we have construed it, required that the offense be committed while the person is on probation for a conviction of a felony offense. At the time the offense was committed the defendant was not on probation for a felony offense. The prior offense had not been designated as a felony.

*Id.*

Most significant for present purposes in *Sweet* is what the supreme court did not decide. It did not decide that the trial

---

**2.** In *State v. Livanos*, 151 Ariz. 13, 17, 725 P.2d 505, 509 (App.1986), this Court asserted in unexplained dictum that it was not only improper for the court to fail to designate such an offense at sentencing, it was also improper for the parties to leave the offense undesignated in the plea agreement. We disagree. Under statutes that required felony or misdemeanor designation upon sentencing, parties could leave an offense undesignated in their plea agreement, so long as they did not improperly provide that the offense should also be left undesignated by the court.

**3.** *Sweet* concerned an open-ended class 6 felony under A.R.S. section 13–702(G) (current version at A.R.S. § 13–702(H)). *See supra* note 1.

court had erred by correcting the sentence for the original crime. It merely held that this belated felony designation could not take *nunc pro tunc*, sentence-enhancing effect.

In 1984, the legislature amended A.R.S. section 13–702(H) to permit the trial court to defer designation of certain class 6 felonies pending completion of probation. The amendment further provided that such crimes would be treated as felonies until actually designated misdemeanors. 1984 Ariz.Sess.Laws 64, 66.[4] The next cases we examine, *State v. Fallon*, 151 Ariz. 192, 726 P.2d 608 (1986), and *State v. Watkins*, 161 Ariz. 108, 776 P.2d 359 (App.1989), both considered in a sentence-enhancement context whether this 1984 amendment could be retroactively applied. In each case, the trial court, retroactively applying the amendment, treated an erroneously undesignated past crime as a felony in order to enhance a sentence for a present crime. In each case, the reviewing court denied the statute retroactive effect and reiterated the holding of *Sweet*. Because in each case the defendant was not on felony status when he committed the present crime, in neither case could the present sentence be enhanced. *Fallon*, 151 Ariz. at 193–94, 726 P.2d at 609–10; *Watkins*, 161 Ariz. at 109–10, 776 P.2d at 360–61.

*Fallon* and *Watkins*, like *Sweet*, were very different from this case. In each of them, the undesignated crime was tangential; the issue was enhancement of the sentence for a different crime. None of them held that the trial court lacked authority to correct an earlier sentencing omission by supplying the omitted designation of the crime. They merely held that the court could not give retroactive effect to such a belated felony designation in order to enhance the sentence for the intervening crime.

Broad language in *Watkins*, if read out of context, might suggest otherwise. The court stated:

> The underlying principle of *Sweet* and *Fallon* is that, prior to the 1984 amendment to A.R.S. § 13–702(H), the trial court could not legally defer the designation of an open end offense pending the outcome of probation. Thus, the subsequent designation, as occurred in both *Sweet* and *Fallon*, was a nullity. It was this attempt to breathe felonious life into an improper sentence that is condemned in *Sweet* and *Fallon*, not which enhancement statute was being utilized.[5]

161 Ariz. at 110, 776 P.2d at 361. The issue in *Watkins*, however, as in the supreme court cases that it followed, was merely whether the trial court might breathe *retroactive* "felonious life" into an undesignated crime in order to enhance the sentence for an intervening crime. The issue of this case was not presented in *Watkins*, and we are not bound by the broader overtones of that court's remarks.

We last come to *State v. Welker*, 155 Ariz. 554, 748 P.2d 783 (App.1987), which, like this case, concerned former A.R.S. section 13–3404(B)(2). The *Welker* court discovered on review for fundamental error that the trial court had failed to designate the offense. Comparing former section 13–3404(B)(2) to the pre–1984 version of section 13–702(G) that was interpreted in *Sweet*, the court concluded that the trial court had erred. *Id.* at 556, 748 P.2d at 785. The court then turned to the question of relief:

> The trial court in this case was required to designate appellant's offense at the time of judgment and to inform appellant of the possibilities when he entered his plea.
>
> The judgment of conviction and sentence are vacated and the matter is re-

---

**4.** The former A.R.S. section 13–3404(B)(2), the statute at issue in this case, later underwent a similar revision and now appears at section 13–3407(B)(1) (1989). 1989 Ariz.Sess.Laws 119, 120.

**5.** In *Fallon*, the asserted basis for enhancement was A.R.S. section 13–604.02 (offenses committed while on felony probation). 151 Ariz. at

194, 726 P.2d at 610. In *Watkins*, the asserted basis was A.R.S. section 13–604 (enhancement based upon prior felony convictions). The State attempted to distinguish the two cases on this basis, but the *Watkins* court called it "a distinction without a difference." 161 Ariz. at 110, 776 P.2d at 361.

manded. Should the trial court, on remand, accept a plea agreement, the court must designate appellant's offense as either a class 1 misdemeanor or a class 4 felony at the time the judgment is entered and sentence appellant accordingly.

*Id.*

The trial court in this case, though acknowledging a question of double jeopardy, felt obliged to follow *Welker*'s disposition. We reject that disposition for several reasons.

First, in *Welker*, an *Anders* case,[6] the court lacked the benefit of an adversary presentation and chose its disposition with no more explanation than we have quoted above.

Second, although the *Welker* court implicitly vacated defendant's first plea agreement when it spoke, in discretionary terms, of the trial court's ability to accept *another* plea on remand, *id.*, the court did not directly explain this aspect of its order. The explanation may lie in the comment that "[t]he trial court ... was required to ... inform appellant of the possibilities [of felony designation at the time of sentencing] when he entered his plea." *Id.* The *Welker* court might have concluded, again implicitly, that such a failure rendered the plea agreement involuntary and therefore required that the plea be set aside. This rationale is unpersuasive, however, under current jurisprudence. It has been held repeatedly since 1987 that involuntariness is not to be presumed from a trial court's explanatory omission during the taking of a plea. Rather, the defendant must demonstrate factually in post-conviction relief proceedings (1) that he lacked the omitted information from any other source; and (2) that the omission was material to his decision whether to enter the plea. *See, e.g., State v. Anderson*, 160 Ariz. 412, 415, 773 P.2d 971, 974 (1989); *State v. Crowder*, 155 Ariz. 477, 479, 481, 747 P.2d 1176, 1178, 1180 (1987). No voluntariness challenge was made by defendant in the present case; to the contrary, defendant attempted to retain his plea.

Third, no double jeopardy problem was raised or discussed in *Welker*. Here we must confront that issue directly, as the *Welker* court did not.

Finally, for reasons we have previously explained, the *Welker* disposition was not mandated by our supreme court's *Sweet* and *Fallon* decisions. Those cases merely held that the trial court could not enhance the sentence for an intervening crime by retroactively designating an earlier undesignated crime as a felony.

## CONCLUSION

The State and the defendant entered a valid plea bargain and followed its requirements over a substantial period of time. The trial court conformed to the plea agreement in its judgment, from which neither party appealed or otherwise sought relief. *See* Ariz.R.Crim.P. 24.2 (allowing motions to vacate judgment within sixty days of final judgment). The judgment became final, and there was no impropriety in its content. The only impropriety in the original judgment was one of omission. To now vacate the judgment would upset the expectations of both parties. And because double jeopardy would then require dismissal, it would also defeat the public's interest in a resolution of defendant's crime.

That result is not required. The court may correct the original judgment by supplying the omitted designation. If the court designates the crime as a felony, this designation may not take retroactive effect, but it may take prospective effect to enhance the sentence for any later crime.

We direct the trial court on remand to reinstate the original conviction and designate defendant's crime as either a felony or misdemeanor.

EHRLICH, P.J., and TAYLOR, J., concur.

---

**6.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).