843 P.2d 652

**STATE of Arizona, Appellee,**

v.

**Diana Kay ARANA, Appellant.**

**No. CR–92–0193–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 10, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals, and Robert S. Golden, Asst. Atty. Gen., Phoenix, for State of Arizona.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Deputy Public Defender, Tucson, for Arana.

## OPINION

MARTONE, Justice.

We are asked to decide whether the felony assessment penalty under A.R.S. § 13–812 is applicable to defendants convicted of class 6 felonies and placed on probation with delayed designation under A.R.S. § 13–702(H). We hold that it is.

## BACKGROUND

Arana was charged with theft, a class 3 felony. She pled guilty to a "Class Six Open–Ended Felony." Plea Agreement, Appendix to Opposition [to] Petition for Review. Invoking the alternative provisions of A.R.S. § 13–702(H), the trial court entered judgment of guilt for theft, an "undesignated" offense. The trial court placed the defendant on probation for a period of three years and, over the defendant's objection, imposed the $100 felony assessment penalty under A.R.S. § 13–812(A)(1).

The court of appeals reversed, and held that when a court suspends the designation of an offense under § 13–702(H), "it may not impose sanctions that exceed the statutory parameters for misdemeanors." 173 Ariz. 258, 259, 841 P.2d 1383, 1384. We granted the state's petition for review in order to resolve a recurring statewide problem, and now reverse.

## UNDESIGNATED OFFENSES

The court of appeals concluded that the trial court could not impose the felony assessment penalty under § 13–812, because it could not impose felony sanctions under § 13–702(H). As authority for this proposition, the court relied upon its assumption that the trial court could not impose more than a six month jail term as a condition of probation for an "open-ended" offense. The court was concerned about the assessment of penalties at the time of sentencing which would not otherwise be appropriate at some uncertain future date at which the offense might be designated a misdemeanor. But the statute is structured so that the propriety of sanctions is to be measured at the time of their imposition, not at some future and uncertain contingent event.

We begin with § 13–812. It states that "each person convicted of a felony shall be assessed a penalty of [$100]." We next

turn to § 13–702(H). In relevant part, it states that "if a person is convicted of any class 6 felony [not involving injury or weapons] ... and if the court ... is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may [1] enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or [2] may place the defendant on probation ... and refrain from designating the offense as a felony or misdemeanor until the probation is terminated."

At this point, several things stand out. First, the statute is only applicable to persons convicted of class 6 felonies. Thus, by definition, such a person is a "person convicted of a felony" within the meaning of § 13–812, the felony assessment penalty provision. The trial court has three choices. If it concludes that a felony sentence is not unduly harsh, it can proceed to sentence the defendant as a felon. If the court is of the view that it might be unduly harsh, it can make that judgment right then, enter judgment for a class 1 misdemeanor and sentence the defendant as a misdemeanant. Alternatively, if the court prefers to delay the timing of the decision as to whether the offense should ultimately be designated a felony or a misdemeanor, it may place the defendant on probation and refrain from designating the offense until the probation is terminated. If the court elects the third alternative, § 13–702(H) expressly provides that:

> The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.

This language does not lend itself to any exceptions. Among the purposes within the universe of "all purposes," is the felony assessment penalty under § 13–812. Another is the length of a jail term as a condition of probation under A.R.S. § 13–901(F). No one has cited, nor has our independent research revealed, a single case in which it was held that a term of jail as a condition of probation on a class 6 undesignated offense is limited to the misdemeanor maximum of six months. That there is a contingent possibility that the offense may ultimately be designated a misdemeanor at some future date does not detract from the reality that the person has been convicted of a class 6 felony within the meaning of § 13–702(H), and that it should be treated as a felony for all purposes unless and until it is designated otherwise.

The benefit the statute accords is the potential for designation of a felony as a misdemeanor at some future date, not immunity from felony sanctions at the time of sentencing. A future designation as a misdemeanor does not retroactively make unlawful felony sanctions imposed earlier at the time of sentencing.

Our understanding of this statute is supported by our prior cases dealing with its predecessors. For example, in *State v. Sweet*, 143 Ariz. 266, 272 n. 2, 693 P.2d 921, 927 n. 2 (1985), we noted that the amendment which gave rise to today's version of § 13–702(H), reinstated the rule in *State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978), in which we held that a defendant found guilty of an "open-end" offense may be placed on probation for a longer period of time than the maximum sentence for a misdemeanor and still have the offense designated as a misdemeanor upon successful completion of the probationary period.

## DISPOSITION

The opinion of the court of appeals is vacated. The order of the trial court imposing the $100 felony assessment penalty is reinstated.

FELDMAN, C.J., MOELLER, Vice C.J., and CORCORAN and ZLAKET, JJ., concur.