874 P.2d 320

In the MATTER OF a Member of the state bar of Arizona, Peter D. BEREN, Respondent.

No. SB–93–0009–D.

Supreme Court of Arizona, En Banc.

May 12, 1994.

Bryan Cave by Mark I. Harrison and Stephen G. Montoya, Phoenix, for Peter D. Beren.

State Bar of AZ by Yigael M. Cohen, Phoenix, for State Bar of AZ.

OPINION

MARTONE, Justice.

Peter Beren appeals from the Disciplinary Commission's recommendation that he be retroactively suspended from practicing law for six months. We must decide how undesignated offenses under A.R.S § 13–702(G) are to be treated under Rule 57(a), Ariz. R.S.Ct.

BACKGROUND

As part of his legal representation of JNC Corporation (JNC), Beren prepared private

offering memoranda used in the sale of interests in limited partnerships. Even though not exempt, these securities were neither registered with the Arizona Corporation Commission nor the Securities and Exchange Commission. Beren believed that the offerings were exempt.

JNC's limited partnerships eventually failed. Many involved with JNC, including Beren, were indicted for violations of state securities statutes. Although Beren's only alleged misconduct in the JNC affair was his failure to discover that the securities were not exempt from federal and state registration, he was indicted for crimes that did not require evidence of criminal intent. Because of the number of transactions, Arizona's *Hannah* prior rule [1] exposed Beren to a possible 15 year prison term if convicted. Therefore, in order to avoid trial, Beren pled guilty to twelve counts of facilitation of money laundering, Class 6 undesignated offenses, and was placed on probation.

Relying on the convictions, the State Bar filed a complaint against Beren on November 28, 1990, alleging he violated ER 8.4(b) of Rule 42, Ariz.R.S.Ct., and Rule 51(a), Ariz. R.S.Ct. The Bar postponed further action until Beren's offenses were designated either misdemeanors or felonies. Beren successfully completed his probation on January 16, 1992, at which time his crimes were designated misdemeanors and his convictions were vacated.

On April 14, 1992, a State Bar Hearing Committee heard evidence on the complaint. The Committee found that Beren pled guilty to avoid a long mandatory prison term, and he admitted to no intentional or knowing misconduct. The Committee found his conduct to be only negligent and not intentional, knowing, or reckless. The Committee also found that Beren had taken reasonable steps to educate himself about securities law before preparing the memoranda. Upon these facts, the Committee concluded that the mis-

demeanors for which Beren was convicted were not "serious crimes" as defined by Rule 57, Ariz.R.S.Ct., and did not reflect adversely on his honesty, trustworthiness or fitness to practice law. The Committee recommended discontinuing the disciplinary action.

After reviewing the Committee's recommendation, the Disciplinary Commission accepted the Committee's factual findings but rejected its conclusions of law. Unlike the Committee, the Commission concluded that Beren's convictions should be treated as felonies for disciplinary purposes because the criminal code requires Class 6 undesignated offenses to be treated as felonies for all purposes until designated otherwise. Because Rules 51 and 57, Ariz.R.S.Ct., subject lawyers convicted of any felony to discipline, the Commission recommended a six month suspension effective retroactively from the date Beren pled guilty two years earlier.

## DISCUSSION

■ We act as an independent trier of fact and law in disciplinary cases, but we give serious consideration to the findings of fact and conclusions of law of the Hearing Committee and the Disciplinary Commission. *In re Neville*, 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985).

We first note that the State Bar limited its disciplinary charges to Beren's convictions and not the underlying conduct.[2] Moreover, the Hearing Committee and the Disciplinary Commission agreed that Beren's crimes were not "serious crimes" because they did not involve interference with the administration of justice, false swearing, misrepresentation, fraud, willful extortion, misappropriation, theft or moral turpitude, *see* Rule 57(a)(1), Ariz.R.S.Ct., nor did the criminal acts reflect adversely on Beren's honesty, trustworthiness or fitness as a lawyer. *See* ER 8.4 of Rule 42, Ariz.R.S.Ct. We agree with these findings and conclusions. Thus all agree that

---

1. In *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), we held that successive but separate crimes, although consolidated in a single trial, may be considered prior convictions for sentencing enhancement purposes.

2. Commissioner Brown concluded in his dissent that Beren should be informally reprimanded for professional negligence and lack of competence in violation of ER 1.1 of Rule 42, Ariz.R.S.Ct. Because neither negligence nor incompetence were charged or alleged, we do not address them here.

if these crimes are misdemeanors for disciplinary purposes, discipline is not authorized by Rule 57 alone.[3] The only question before us, and the only issue upon which the Committee and the Commission disagreed, is whether Beren's convictions are misdemeanors or felonies for disciplinary purposes.

■ In Arizona, discipline is appropriate when a lawyer has been convicted of any felony. Rules 51(a) and 57(a), Ariz.R.S.Ct. In contrast, not all misdemeanors warrant discipline. Only those "involving a serious crime" within the meaning of Rule 57(a)(1) may independently support discipline. The proper designation of offenses for disciplinary purposes is therefore crucial where convictions are the sole basis for discipline.

A.R.S. § 13–702(G)[4] states in relevant part:

> [I]f the court ... is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.

As the Commission noted, we have held that an open-ended conviction is deemed a felony conviction for criminal sentencing considerations until the court designates the offense a misdemeanor. *State v. Sweet,* 143 Ariz. 266, 271–72, 693 P.2d 921, 926–27 (1985). The Commission therefore concluded that Class 6

undesignated offenses should be considered felony convictions for disciplinary purposes also.

■ We disagree. We repeatedly have stated that the purpose of disciplinary proceedings is not to punish the lawyer, but to protect the public and the administration of justice. *In re Hiser,* 168 Ariz. 359, 362–63, 813 P.2d 724, 727–28 (1991); *In re Pappas,* 159 Ariz. 516, 526, 768 P.2d 1161, 1171 (1988). In contrast, punishment for bad acts is a significant purpose of our criminal justice system. Although we use criminal convictions in the realm of lawyer discipline to shortcut the process of proving professional misconduct, disciplinary actions are *sui generis* proceedings that have no other connection with the criminal law. Rules of substantive criminal law and lawyer discipline therefore are not, and should not be, interchangeable. Thus, even though the "all purposes" referred to in § 13–702(G) has no exceptions within the substantive criminal law, *see State v. Arana,* 173 Ariz. 370, 371, 843 P.2d 652, 653 (1992), it does not extend to lawyer discipline cases. This case is governed by Rules 51(a) and 57(a), and not by reference to a criminal statute.[5]

■ But even if it were otherwise, the plain language of § 13–702(G) forecloses the Commission's recommendation that Beren be suspended. The offense is treated as a felony "until such time as the court may actually enter an order designating the offense a misdemeanor." A.R.S. § 13–702(G). Beren's offenses were designated misdemeanors before the Commission reviewed his case, and thus the Commission should have treated the offenses as misdemeanors.[6]

---

3. When discipline is based solely on a conviction, and not also on the underlying conduct, the "sole issue to be determined shall be the extent of the discipline to be imposed." Rule 57(a)(3), Ariz. R.S.Ct. The conviction, whether for a felony or a qualifying misdemeanor, is conclusive proof of misconduct.

4. The Commission's report and the parties' briefs correctly identify the operative statute as A.R.S. § 13–702(H). Effective January 1, 1994, however, the section addressing Class 6 undesignated offenses was renumbered § 13–702(G).

5. The dissent argues that § 13–702(G) requires us to discipline Beren. But discipline is governed by rule, not by statute. We could reach the same result by simply amending our rules to accord expressly separate treatment to Class 6 undesignated offenses. Thus the intent, language, or operation of § 13–702(G) is in fact irrelevant to our inquiry. We address § 13–702(G) here only because it is helpful, not because it is controlling.

6. We are also not persuaded that *In re Morris,* 164 Ariz. 391, 793 P.2d 544 (1990), supports the Commission's recommendation. Although the circumstances surrounding the respondent's

Nor is the purpose of § 13–702(G) served by the Commission's recommendation. The statute provides the defendant with an incentive to successfully complete probation. Under the Commission's recommendation, however, the lawyer defendant who successfully completes probation is treated no differently, for disciplinary purposes, than one who violates probation.

This case illustrates the needless severity of treating undesignated offense convictions like felony convictions. The Commission's proposed suspension results exclusively from its determination that Beren is a convicted felon. Yet Beren is not a convicted felon; he has never had a designated felony conviction against him, and he in fact has *no* criminal convictions against him at this time.[7] It is therefore especially unjust to discipline him for felony convictions that do not exist. When the felony label is the sole basis for discipline, it is more sensible to wait until the convictions are designated before we impose disciplinary sanctions.[8]

█ This is not to say that the State Bar must postpone disciplinary action when a lawyer has been convicted of a Class 6 undesignated offense. The Bar may always proceed immediately as to any underlying conduct that violates our disciplinary rules. It may also proceed immediately on the conviction if the offense, even if designated a misdemeanor, would satisfy the "serious crime" requirement of Rule 57, Ariz.R.S.Ct. We only address discipline based solely on convictions of Class 6 undesignated offenses which are sought to be treated as felonies.

█ Finally, we reach the inescapable conclusion that, even if otherwise warranted, placing Beren on a six month retroactive suspension would serve no constructive purpose. A retroactive six month suspension

cannot protect the public because it will not affect his ability to practice law.

## CONCLUSION

Class 6 undesignated offenses are not felonies for disciplinary purposes unless and until a court designates them felonies. Because the charge against Beren rests solely on the existence of felony convictions, and not underlying conduct, the complaint is dismissed.

MOELLER, V.C.J., and ZLAKET, J., concur.

FELDMAN, C.J., did not participate in the determination of this matter.

CORCORAN, Justice, dissenting.

Section 13–702(G) clearly states that class 6 undesignated criminal offenses shall be treated as felonies "for *all* purposes." As the majority concedes, the language of the statute provides for no exceptions. Yet, despite acknowledging this fact, the majority nonetheless deems the statute inapplicable to disciplinary cases. Because I do not agree with this determination, I respectfully dissent.

Although the trial court refrained from designating the offenses to which respondent pleaded guilty until after he completed his probation, § 13–702(G) requires his convictions to be treated as felonies for purposes of determining an appropriate sanction under our disciplinary rules. Discipline is therefore not only warranted but also required in this case. *See* rule 57(a), Arizona Rules of the Supreme Court (stating that a lawyer "shall be disciplined as the facts warrant upon conviction of ... any felony"). The majority believes, however, that because respondent's offenses ultimately were designated as mis-

---

guilty plea in *Morris* are remarkably similar to those surrounding Beren's guilty pleas, the respondent in *Morris* was convicted of a federal felony, not an undesignated offense. Our conclusion in *Morris* does not apply here.

**7.** We need not address the question of whether a lawyer may ever be disciplined for criminal convictions after the convictions have been vacated under A.R.S. § 13–907.

**8.** During the proceeding before the Disciplinary Commission, bar counsel declared that it would be unfair to the respondent to deem an undesignated offense a felony for disciplinary purposes before the offense was actually designated. *See* Transcript of Disciplinary Commission Proceeding at 30–31. In fact, the State Bar postponed its disciplinary action against Beren until his offenses were designated. Hence, our approach today is consistent with the State Bar's original interpretation.

demeanors and expunged under A.R.S. § 13–907, disciplining him would be especially unjust and needlessly severe. I disagree.

Assuming arguendo that respondent's underlying conduct cannot be the basis for discipline, *In re Morris* indicates that a 6–month retroactive suspension would be appropriate in this case. *See Morris*, 164 Ariz. 391, 793 P.2d 544 (1990). In *Morris*, the respondent pleaded guilty to a federal felony offense—ostensibly to avoid the expense of trial. Although both the Committee and the Commission determined that the respondent's underlying conduct did not violate any ethical rule, this court imposed a 6–month retroactive suspension based solely on the respondent's felony conviction as required under rule 57(a), Arizona Rules of the Supreme Court. The majority recognizes that the circumstances of *Morris* are "remarkably similar" to those of this case. But, because respondent's felony convictions no longer exist, the majority apparently feels compelled to dismiss the complaint against him.

The expungement of respondent's felony convictions, however, cannot be viewed in a vacuum. Nor can it provide a defense to disciplinary proceedings. *In re Couser*, 122 Ariz. 500, 501, 596 P.2d 26, 27 (1979). In departing from this principle, the majority not only loses sight of the fact that respondent initially pleaded guilty to 12 counts of facilitation of money laundering—each a class 6 felony—but also places a premium on delay. And, although bar counsel admittedly contributed to the delay surrounding this case by agreeing to postpone the disciplinary proceedings, such delay should be neither encouraged nor rewarded by this court. I believe that today's decision will have the unfortunate result of doing just that.